UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jermaine Goode, # 300898, | ) | C/A No. 4:13-3158-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| The Town of Kingstree; Williamsburg County; | ) | |
| The State of South Carolina; Clerk; | ) | |
| Domonique Jones Goode; Mark Whitfield; | ) | |
| J. Jenkins; Randy Foxworth; Dep. Hayes; | ) | |
| Robert Ford; William Driggers; Ellerbe Ackerman; | ) | |
| Delores Williams; Chief Williams, KPD; | ) | |
| Laverne Gamble; Freddie Davis; Ron Dozier; | ) | |
| Vincent Staggers; Ronald McClary; Sgt. Hamlett; | ) | |
| Officer Robert Lee; Officer Jackson; | ) | |
| Sheriff Michael Johnson; Cpl Steve Dukes; | ) | |
| Deputy Kennedy; Lt Scott; Laura Brown; | ) | |
| Sharon Staggers, Clifton Newman; Kimberly Barr; | ) | |
| Tyler Brown; Black River Healthcare; and | ) | |
| Pat Doe of Black River Healthcare; | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Jermaine Goode ("Plaintiff") has filed a lengthy pleading covering numerous events which occurred over an approximate two year period, all of which appear to arise out of, or be related to

1

an initial criminal domestic violence ("CDV") incident which occurred on February 13, 2012. As a result of the CDV incident and investigation, Plaintiff was arrested and prosecuted, with the case allegedly being terminated in Plaintiff's favor by a directed verdict of not guilty on March 26, 2012. Plaintiff alleges facts about child custody and visitation problems between he and his estranged wife, Domonique Jones Goode (hereinafter "D. Goode") whom he claims conspired with a number of state actors to harass him and violate his constitutional rights. It appears that in May of 2012, D. Goode sought and obtained a restraining order against Plaintiff in magistrate's court. Plaintiff appealed the decision of the magistrate judge, and the decision was allegedly reversed by the court of common pleas on December 20, 2012. Meanwhile, in July of 2012, D. Goode's request for an Order of Protection was denied by the family court. On July 26, 2012, a Rule to show cause hearing was noticed in connection with a post trial order of no contact stemming from the February 2012 CDV arrest. Thereafter, on July 27, 2012, Plaintiff was arrested on charges of Failure to stop for a blue light and child endangerment. On July 31, 2012, Plaintiff paid a fine in magistrate's court with the receipt noting that the payment was in reference to case # 2012a4510100016-violation. In April of 2013, Plaintiff was arrested for murder/attempted murder, and it appears that this charge remains pending. In May of 2013, Plaintiff went to trial on the July 2012 charges. He is currently serving a sentence of 18 months on the child endangerment conviction, and three years on the failure to stop for a blue light conviction. In his complaint, Plaintiff sues his estranged wife and a number of law enforcement officials, judges and court related personnel with whom he has had contact with as a result of the arrests and prosecutions noted above. Plaintiff seeks declaratory and injunctive relief and damages.

2

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the Plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights

elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

> Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983. To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted). As an initial matter, a number of the Defendants named by Plaintiff are entitled to immunity from suit.

1.     State of South Carolina

Plaintiff sues the State of South Carolina in this action. However, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univ. of California v. Doe*, 519

U.S. 425, 429 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh

Amendment also bars this court from granting injunctive relief against the state or its agencies. *See*

*Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign

immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates

the sovereign immunity of a state, neither of those exceptions applies in the instant case. Therefore,

Plaintiff's claims against the State of South Carolina are subject to summary dismissal.

> 2.    Judicial Officers

Plaintiff has sued Judge Clifton Newman, a South Carolina circuit judge, and Judges Delores

Williams, William Driggers, Randy Foxworth, and Ellerbe Ackerman, all current or former

magistrate judges for Williamsburg County. Plaintiff's claims against these judicial officers based

on their respective official participation and resulting judicial rulings made in relation to Plaintiff's

various court cases are barred by the doctrine of absolute judicial immunity. As the Fourth Circuit

has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges
> is matchless in its protection of judicial power.  It shields judges even against
> allegations of malice or corruption. . . .  The rules is tolerated, not because corrupt
> or malicious judges should be immune from suit, but only because it is recognized
> that judicial officers in whom discretion is entrusted must be able to exercise
> discretion vigorously and effectively, without apprehension that they will be
> subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*,
*Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her

judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*,

502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial

capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Furthermore, to the extent that Plaintiff's complaint seeks injunctive relief against any of the noted judicial officers, such claims are is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id*. (emphasis added).

Since there is no existing declaratory decree involved and no legal basis shown for entry of any declaratory judgment requested in this case, any claims by Plaintiff for injunctive relief against these judicial officers is statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580,  2007 WL 257342 (11th Cir. Jan 31, 2007).

<u>3.</u>    <u>Clerks of Court and Court Personnel</u>

Additionally, the court notes that Plaintiff has listed as Defendants Sharon Staggers, the Clerk of Court for Williamsburg County, Laura Brown, the civil clerk for the Williamsburg County circuit

6

court division, and Kevin Burrows,[1] the office supervisor for the Williamsburg County Magistrate's Office. The Plaintiff also generically lists "the State Clerk" as a Defendant. All of these parties would be subject to summary dismissal.[2] County clerks of court, though elected by the voters of a county, are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 24; § 14-1-40, South Carolina Code of Laws (as amended); § 14-17-10, South Carolina Code of Laws (as amended). Based on cases such as *Forrester v. White*, 484 U.S. 219, 226–27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), immunity derived from judicial immunity may extend to persons other than judges when performance of judicial acts or activities as official judicial aides are involved. This derivative immunity is sometimes called quasi-judicial immunity. *See Abebe v. Propes*, Civil Action No. 0:11–1215–MBS–PJG, 2011 WL 2581385, at *3 (D.S.C. June 3, 2011) (collecting cases), adopted, 2011 WL 2600593 (D.S.C. June 29, 2011). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir.1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.1989)); see also *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir.1980) (collecting cases on

---

[1] Defendant Burrows is listed on Plaintiff's summons form as a Defendant, and there are allegations against him contained in the complaint, but he is not listed as a Defendant in Plaintiff's caption of the case. To the extent Plaintiff seeks to name him as a Defendant, he is entitled to dismissal for the reasons outlined above.

[2] Former Williamsburg County Clerk of Court Carolyn F. Williams is listed on Plaintiff's summons form as a Defendant, but there are no allegations listed against her in the complaint. The court notes that Carolyn F. Williams would be entitled to quasi-judicial immunity for any actions taken during her tenure as clerk where she was following the rules of a court, or acting pursuant to authority delegated by a court to clerk's office personnel. Accordingly, to the extent Plaintiff intended to name her as a party Defendant, she is subject to summary dismissal.

7

immunity of court support personnel).  In the above-captioned case, Defendants have quasi-judicial immunity because it appears that they were at all times following rules of a court, or acting pursuant to authority delegated by a court to clerk's office personnel.  *See Cook v. Smith*, 812 F. Supp. 561, 562(E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981).

In addition to immunity from monetary damages, Defendants are also protected by quasi-judicial immunity to the extent that Plaintiff's claims injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996, Pub.L. No 104–317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As Plaintiff does not allege that either of these prerequisites for injunctive relief has been satisfied, any claim for injunctive relief against these Defendants is also subject to summary dismissal. *See generally*, *Robinson v. South Carolina,* 2013 WL 4505419 (2013).

4.    State Attorneys

Plaintiff sues Defendants Barr and Brown for actions associated with his judicial cases.  To the extent Defendants were acting as prosecuting attorneys, they are  entitled to immunity from suit. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).  As Plaintiff's allegations against these Defendants appear to stem entirely from their roles as state prosecutors, they are both entitled to summary dismissal.

5.    Civil Conspiracy and Private Actors

The crux of Plaintiff's complaint is that his estranged wife, Defendant D. Goode, conspired with the Kingstree Police Department, the Williamsburg County Sheriff's Office, and other agents of the Town of Kingstree and Williamsburg County to deprive Plaintiff of his rights, privileges and immunities.  As a private citizen, Defendant D. Goode does not act under color of state law, an essential element of a § 1983 claim. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). See also 42 U.S.C. § 1983. Therefore, Defendant D. Goode is not amenable to suit under § 1983, and Plaintiff has failed to state a cognizable claim for relief under that statute as to that Defendant.  As to Plaintiff's allegations of conspiracy, to establish a civil conspiracy under § 1983, a Plaintiff must present evidence that the Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in the deprivation of a constitutional right. *Glassman v Arlington County, VA*, 628 F.3d 140 (2010) (*citing Hinkle v City of Clarksburg*, 81 F.3d 416 (4th Cir. 1996)). A Plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Hinkle, 81 F.3d at 421. A Plaintiff's factual allegations must reasonably lead to the inference that the Defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. A Plaintiff's allegations must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 422. Here, the Plaintiff offers only conclusory allegations of an agreement or meeting of the minds by the Defendants. As his conclusory allegations are insufficient to state a claim for civil conspiracy, this claim is subject to summary dismissal as to all Defendants.  *See generally, Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff also names as Defendants Black River Health Medical Services, and Pat Doe, an employee of the same. Plaintiff alleges that these Defendants denied him medical assistance for his infant son, which resulted in mental and emotional distress and embarrassment for Plaintiff, and discomfort for the child. There is no indication that either of these Defendants are state actors, accordingly, neither is amenable to suit under § 1983.

5.     <u>Williamsburg County</u>

The complaint alleges that certain officers employed by the Williamsburg County Sheriff's Office violated Plaintiff's constitutional rights . Williamsburg County is not responsible for actions of a deputy sheriff, who is hired and supervised by the elected Sheriff. Sheriff's Departments in South Carolina are state agencies, not municipal departments. See S.C.Code Ann. § 23–13–550 (Westlaw 2013); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C.Code Ann. § 23–13–10 (Westlaw 2013), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff; *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 386 S.C. 285, 287 n. 1, 688 S.E.2d 125, 127 n. 1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); and *Allen v. Fid. and Deposit Co.*, 515 F.Supp. 1185, 1189–91 (D.S.C.1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), aff'd, 694 F.2d 716 (4th Cir.1982). Additionally, Plaintiff has failed to show that any conduct by the Sheriff's deputies was the result of a governmental policy of Williamsburg County. *See Los Angeles Cnty. v. Humphries*, ——U.S.——, 131 S.Ct. 447, 178 L.Ed.2d 460 (2010); and *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Furthermore, the doctrine of

respondeat superior (or supervisory liability) generally is inapplicable to § 1983 suits. *See Monell v. Department of Social Services*, 436 U.S. at 694; and *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir.1982), abrogated on other grounds by *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Accordingly, it is recommended that Defendant Williamsburg County be summarily dismissed.

6.    Law Enforcement Officials

Plaintiff was initially arrested following a criminal domestic violence ("CDV") incident which occurred on February 13, 2012. The two responding officers were Defendants Jenkins and Hayes. Upon affidavit of Defendant Jenkins, an arrest warrant was obtained. Plaintiff was arrested and prosecuted, with the case allegedly being terminated in Plaintiff's favor by a directed verdict of not guilty on March 26, 2012. In connection with his arrest, Plaintiff asserts that Officers Jenkins and Hayes violated his Fourth and Fourteenth Amendment.[3] In a separately-filed order, the

---

[3]The complaint appears to allege false arrest and malicious prosecution claims. Plaintiff acknowledges that was arrested pursuant to a warrant. Under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir.1998) (*citing Brooks v. City of Winston–Salem*, 85 F.3d 178 (4th Cir.1996)). The Fourth Circuit recently reiterated that "a false arrest claim must fail where it is made pursuant to a facially valid warrant." *Dorn v. Town of Prosperity*, 375 F. App'x 284, 288 (4th Cir.2010) (*quoting Medows v. City of Cayce*, No. 3:07–409, 2008 WL 2537131, at *3 (D.S.C. June 24, 2008) (quotations and citations omitted)). As it appears from the submissions by Plaintiff that he was arrested pursuant to a facially valid warrant, any false arrest claim must be dismissed. To the extent Plaintiff alleges a malicious prosecution claim based on defects in the issuance of the arrest warrant or in the arrest warrant itself, this type of claim is typically construed as one for malicious prosecution. *See Brooks*, 85 F.3d at 182 ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause ... are analogous to the common-law tort of malicious prosecution."); see also *Dorn*, 375 F. App'x at 285–86. To state a § 1983 malicious prosecution claim, Plaintiff must show, at least, that "defendant[s] have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.' " *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir.2005) (quoting Brooks, 85 F.3d at 183–84). Here, Plaintiff arguably makes a showing of both elements of a malicious prosecution claim to survive summary dismissal.

undersigned is authorizing service of process upon these two Defendants.

In connection with his arrest, Plaintiff alleges that "Defendant Scott and others responsible for conducting bond court at the Williamsburg Couny Jail did [. . .] deprive the Plaintiff of his rights [. . .] by denying the Plaintiff a bond hearing for over fifty hours and treating the Plaintiff differently from others similarly situated intentionally and without rational basis." These allegations by Plaintiff are vague and conclusory in nature.

The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a Plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citations omitted) (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570 and citing to *Papasan v. Allain*, 478 U.S. 265, 286 (1986));

*see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).  At most, Plaintiff's allegations merely attributes, in purely conclusory fashion, alleged unspecified wrongful actions of named and unnamed individuals to Defendant Scott. The court "need not accept the [Plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir.2006); *see also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir.2009) (*citing Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir.1999)). Accordingly, it is recommended that this claim against Defendant Scott be dismissed.

Plaintiff's complaint contains a number of allegations concerning child custody and visitation problems between he and Defendant D. Goode.  After D. Goode sought and obtained a restraining order against Plaintiff in magistrate's court in early May of 2012, Plaintiff alleges that Defendant Officers Gamble (KPD), Davis (KPD), Dukes (WCSO) and Dozier (KPD), did verbally harass him in connection with child custody issues throughout the month of May 2012.  Similarly, Plaintiff alleges that Defendant Officer Jackson called Plaintiff's phone in April of 2013 and threatened and harassed him in connection with Plaintiff's scheduled visitation with his child.  It is well settled that "the use of vile and abusive language is never a basis for a civil rights action." *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims); *see Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Emmons v. McLaughlin*, 874 F. 2d 351, 354 (6th Cir. 1989)(verbal threats causing fear for Plaintiff's life not an infringement of a constitutional right*); Batista v. Rodriguez*, 702 F.2d 393, 398 (2d Cir. 1983)*; Sluys v. Gribetz*, 842 F. Supp. 764,

765 n. 1 (S.D.N.Y. 1994); *see also Cameron v. Bonney*, No. 12-7836, 2013 WL 1800423 (4th Cir. April 30, 2013). Mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."); *Henslee v. Lewis*, 153 Fed. Appx. 178, 180 (4th Cir. 2005) (same; affirming *sua sponte* dismissal of claim based on threats); *see also Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999); *Aleem-X v. Westcott*, 347 Fed. Appx. 731, 732 (3d Cir. Oct. 9, 2009)(*sua sponte* dismissal affirmed). Since abusive language is not actionable under 42 U.S.C. § 1983, Plaintiff's claims against these Defendants based on verbal harassment must fail.

Plaintiff also alleges that Defendant Officers Davis, Dozier, Hamlett and McClary also intercepted and/or transmitted private "telecommunicated conversations" without notice to the Plaintiff. In a separately-filed order, the undersigned is authorizing service of process upon these four Defendants as to these claims only.

Additionally Plaintiff asserts that in June of 2012 Defendants Officer Staggers and Officer Dozier violated his rights by (1) interfering with the privacy of his marriage, his custody rights, and family relationships; (2) by denying Plaintiff the right to property; and (3) by harassing Plaintiff by following him around town. As to Defendant Staggers, Plaintiff asserts that in December of 2012 he violated Plaintiff's rights by interfering with family relations for the purpose of denying Plaintiff his custodial rights without cause. These vague and conclusory allegations by Plaintiff fail to state a plausible claim and accordingly are subject to summary dismissal under *Iqbal and Twombly*, discussed *supra*. 556 U.S. 662 (2009);

In large part, Plaintiff's complaint is an attempt to challenge his May 2013 convictions for

14

child endangerment and failure to stop for a blue light.  These charges arise out of a July 23, 2012

incident between Plaintiff, Defendant Officer Mark Whitfield and KPD Chief Robert Ford.  Plaintiff

makes a number of allegations about these two officers and their conduct both prior to the blue light

"chase" and thereafter with their regards to their involvement, as well as that of Defendant Officer

Lee, in his July 27, 2012 arrest on charges of failure to stop for a blue light and child endangerment.

As previously noted, Plaintiff was convicted on both counts and he is currently serving a sentence

of 18 months on the child endangerment conviction, and three years on the failure to stop for a blue

light conviction. Throughout the complaint, Plaintiff attacks his state criminal convictions and asks

that they be declared constitutionally invalid.   Any claims with regard to these state criminal

convictions must fail based on the United States Supreme Court's decision in *Heck v. Humphrey*,

512 U.S. 477 (1994).  With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present

one alleging constitutional violations and/or other improprieties in connection with state criminal

charges, the Court stated:

> We hold that, in order to recover damages [or other relief][4] for
> allegedly unconstitutional conviction or imprisonment, or for other
> harm whose unlawfulness would render a conviction or sentence
> invalid, . . . a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such a
> determination, or called into question by a federal court's issuance of
> a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that has not been
> so invalidated is not cognizable under § 1983.  Thus, when a state
> prisoner seeks damages in a § 1983 suit, the district court must

---

[4] *See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought); *see also Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012)(injunctive relief not available under *Heck*)(citing *Clemente v. Allen* and other cases).

> consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it
> would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been
> invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Until the underlying conviction or sentence has been invalidated, a prisoner "cannot use a § 1983 action to challenge 'the fact or duration of his confinement,' " but 'must seek federal habeas corpus relief (or appropriate state relief) instead.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

*Heck* does not apply in the context of claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, since this case involves an already completed criminal trial and complaints about how the prosecution was conducted, *Wallace* is inapplicable and *Heck* controls.  In any event, the limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 Plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See  Wallace v. Kato*, 549 U.S. at 391-92; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

16

It is not clear what, if any, steps Plaintiff has already pursued to directly or collaterally challenge his FTSBL or child endangerment convictions, but it is obvious that he has not yet been successful in any efforts to overturn the conviction because he is still incarcerated and serving the sentence imposed. *See* SCDC, http://public.doc.state.sc.us/scdc-public/ (Inmate locator function); *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Because Plaintiff has not been successful in having the relevant 2013 Williamsburg County convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations of conspiracy and improper activity by the various law enforcement participants if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants based on their involvement in his arrest, prosecution and ultimate conviction. As a result, this case is subject to summary dismissal as to Defendants Whitfield, Ford and Lee as to all claims related to Plaintiff's convictions for failure to stop for a blue light and child endangerment.

Plaintiff also asserts that in December of 2012 Defendant Officers Ford and McClary violated Plaintiff's rights by denying him the freedom to make a complaint against his estranged wife and one Nicole McKinley of allegedly breaking and entering Plaintiff's personal vehicle and stealing Plaintiff's personal property. He asserts that these two officers failed to enforce the law. Similarly, Plaintiff makes allegations against Deputy Sheriff John Doe, whom he says refused to log a 911 complaint against (1) his estranged wife for an alleged failure to deliver their child for scheduled visitation; and (2) against Officer Jackson for alleged harassing and threatening phone calls. These

17

claims are subject to summary dismissal without service on these Defendants because the Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970). Also, several federal courts have held that, in absence of allegations that protective services such as criminal investigations and charges are being withheld *solely* for an illegally discriminatory reason, a private citizen, such as the Plaintiff, may not recover damages under section 1983 based on the failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally. *See, e.g.*, *McKee v. City of Rockwall*, 877 F.2d 409, 418 (5th Cir. 1989)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection;" Plaintiff victim of assault could arguably sustain equal protection claim for inadequacy of police protection *only upon proof* that non-arrest of perpetrator was result of discrimination against protected class); *Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988)("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection."); *Campbell v. Bowlin*, 724 F.2d 484 (5th Cir. 1984)(Plaintiff should have been permitted to have jury consider section 1983 claim where he presented proof that showed he was denied municipal services on account of his race); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"); *Nieves-Ramos v. Gonzalez-De-Rodriguez*, 737 F.Supp. 727 (D. P.R. 1990)(no cause of action under section 1985 against judge and prosecutor for failing to arrest person

18

where no allegations of illegal discrimination); *Johnson v. Craft*, 673 F. Supp. 191, 193 (S.D. Miss. 1987)("there appears to be no federal constitutional right to have criminal wrongdoers brought to justice"). *But see Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir.1995) ("when police officers conceal or obscure important facts about a crime from its victims, rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged"); *Love v. Bolinger*, 927 F.Supp. 1131 (S.D. Ind. 1996)(conspiracy to keep details of criminal investigation secret or not to begin one at all may be actionable as a denial of access to court claim under specific allegations).

As the Seventh Circuit Court of Appeals explained:

> [T]here is no constitutional right to be protected by the state against being murdered [or otherwise injured] by criminals or madmen. It is monstrous if the state fails to protect its residents against such predators *but it does not violate the due process clause of the Fourteenth Amendment or, we suppose, any other provision of the Constitution*. The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order. *Discrimination in providing protection against private violence could of course violate the equal protection clause of the Fourteenth Amendment. But that is not alleged here*. All that is alleged is a failure to protect [the Plaintiff] and others like her from a dangerous madman, and as the State of Illinois has no federal constitutional duty to provide such protection its failure to do so is not actionable under section 1983.

*Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982)(emphasis added).

Also closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D*., and again ruled

that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See* 454 U.S. at 86-87; *see also In re Appointment of Independent Counsel*, 766 F.2d 70, 74-76 (2d Cir. 1985); *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 378-83 (2d Cir. 1973). Moreover, in its *Timmerman* opinion, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See* 454 U.S. at 87 n. 2 (citing *State v. Addison*, 2 S.C. 356, 364 (1871)).

It is elemental that "[s]ection 1983 imposes liability on anyone who under color of state law 'subjects ... any citizen ... or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ...,' and thus applies *only* if there is a deprivation of a constitutional right." *Bowers v. DeVito*, 686 F.2d at 618 (emphasis added) (citing to *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979); *Paul v. Davis*, 424 U.S. 693, 699-701 (1976); *Bonner v. Coughlin*, 545 F.2d 565, 567, 569 (7th Cir. 1976)). Although the Plaintiff asserts that his "constitutional rights" have been violated by the Defendants' failure to act, he does not specify which constitutional right or rights he believes have been violated. The authorities cited and discussed above make clear that private citizens have no federal constitutional right to have any other individual charged with a crime, and that such claims routinely fail unless a valid equal protection or substantive due process claim based on invidious, class-based discrimination is stated. A close and careful examination of the allegations contained in the Plaintiff's complaint does not disclose any reference to any specific federal constitutional or statutory rights allegedly violated by the Defendants' inaction, nor are there any allegations that the Defendants have failed or refused to act because of racial, religious, gender or other illegal discrimination. Thus, no federal cause of action under 42 U.S.C. § 1983 is stated even under the most liberal construction of the complaint in this case.

20

Plaintiff's next allegations center around an incident on April 27, 2013 between Plaintiff and Defendant Officer Whitfield. As a result of their interaction, Defendant Officer Lee obtained a warrant for Plaintiff's arrest. Plaintiff was arrested for murder/attempted murder, and it appears that this charge remains pending.[5] Plaintiff asserts that the actions of both Defendant Officers Whitfield and Lee violated his rights. To the extent that Plaintiff requests injunctive and/or declaratory relief from this Court with regards to his pending state criminal case, this case is barred by the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *Younger* and other cases hold that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See*, *e.g.*, *Younger*, 401 U.S. at 44. In *Younger*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). From <u>Younger</u> and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (*citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). It appears that the state charge for murder/attempted murder against Plaintiff is pending disposition,

---

[5]http://publicindex.sccourts.org/Williamsburg/PublicIndex/CaseDetails.aspx?County=45&CourtAgency=45001&Casenum=2013A4520300115&CaseType=C

therefore, an ongoing state criminal proceeding exists, satisfying the first part of the test. The second part of the test is met as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). The Court also addressed the third criterion in noting that "'ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)). Plaintiff can pursue his claims in state court both during and after the disposition of his criminal charges. As Plaintiff fails to demonstrate that he has no adequate remedy at law, or that he will suffer irreparable injury if denied his requested relief, see *Younger*, 401 U.S. at 43–44, the court is precluded from granting the requested relief and the claims alleged against Defendant Officers Whitfield[6] and Lee related to the April 2013 incident are subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the district court partially dismiss the complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28

---

[6]To the extent that Defendant Officer Whitfield was the intended victim of the murder/attempted murder charge, and he provided testimony against Plaintiff, he may be entitled to protection from suit under 42 U.S.C. § 1983 as a rule of absolute witness immunity has been adopted by the majority of Courts of Appeals. *See Brawer v. Horowitz*, 535 F.2d 830, 836- 37 (3d Cir. 1976) (lay witness in federal court; Bivens action); *Burke v. Miller*, 580 F.2d 108 (4th Cir. 1978) (state medical examiner; § 1983 action); *Charles v. Wade*, 665 F.2d 661 (5th Cir. 1982)(police officer witness; § 1983 suit); *Myers v. Bull*, 599 F.2d 863, 866 (8th Cir. 1979) (police officer witness; § 1983 suit); *Blevins v. Ford*, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney; action under §1983 and the Fifth Amendment).

U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). As noted above, it is recommended that Defendants Williamsburg County, State of South Carolina, Clerk, Domonique Jones Goode, Mark Whitfield, Randy Foxworth, William Driggers, Ellerbe Ackerman, Delores Williams, Laverne Gamble, Vincent Staggers, Officer Robert Lee, Officer Jackson, Cpl Steve Dukes, Lt Scott, Laura Brown, Sharon Staggers, Clifton Newman, Kimberly Barr, Tyler Brown, Black River Healthcare, and Pat Doe of Black River Healthcare be summarily dismissed without issuance and service of process. By separately-filed order, the undersigned is authorizing service of process upon Defendants Town of Kingstree, J. Jenkins, Dep. Hayes, Robert Ford, Chief Williams, KPD, Freddie Davis, Ron Dozier, Ronald McClary, Sgt. Hamlett, Sheriff Michael Johnson and Deputy Kennedy to answer or otherwise plead as to all allegations against them not otherwise addressed herein.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 28, 2014
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).