IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jermaine Goode, | ) | Civil Action No.: 4:13-3158-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| The Town of Kingstree, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On November 26, 2013, Plaintiff Jermaine Goode, ("Plaintiff"), proceeding *pro se* and *in forma pauperis,* filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers for review pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A. On July 28, 2014, the Magistrate Judge prepared a thorough Report and Recommendation, ("the Report"), reviewing all of the claims levied against the over thirty named Defendants and recommending that the Complaint be partially dismissed *without prejudice* and without issuance and service of process, as against twenty-two of the named Defendants, as Plaintiff's Complaint fails to set out plausible claims for relief against these Defendants. (ECF No. 40). Plaintiff filed an Objection to the Report on August 15, 2014. (ECF No. 43). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and Plaintiff's Objection.  The Court has undertaken this *de novo* review, even though Plaintiff's objections do not meaningfully address or seek to counter the core legal grounds cited by the Magistrate Judge for dismissal of the respective Defendants (e.g. sovereign immunity, absolute judicial immunity, qualified immunity, etc.).  Instead, Plaintiff simply restates his claims of perceived wrongdoing on the part of the various entities, government officials and private persons named in the lawsuit.

Upon careful review of the Magistrate Judge's thorough Report, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 40), overruling Plaintiff's Objections.  Accordingly, the Complaint is **DISMISSED IN PART**; specifically, the Complaint is dismissed *without prejudice* and without issuance and service of process as against the following Defendants: Williamsburg County, State of South Carolina, Clerk, Domonique Jones Goode, Mark Whitfield, Randy Foxworth, William Diggers, Ellerbe Ackerman, Delores Williams, Laverne Gamble, Vincent Staggers, Officer Robert Lee, Officer Jackson, Cpl Steve Dukes, Lt Scott, Laura Brown, Sharon Staggers, Clifton Newman, Kimberly

Barr, Tyler Brown, Black River Healthcare, and Pat Doe of Black River Healthcare.

**IT IS SO ORDERED.**

                                                                          s/Mary G. Lewis  
                                                                         United States District Judge

Columbia, South Carolina  
April 15, 2015