UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jermaine Goode, # 300898, | ) | C/A No.  4:13-3158-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| The Town of Kingstree; Williamsburg County; | ) | |
| The State of South Carolina; Clerk; | ) | |
| Domonique Jones Goode; Mark Whitfield; | ) | |
| J. Jenkins; Randy Foxworth; Dep. Hayes; | ) | |
| Robert Ford; William Driggers; Ellerbe Ackerman; | ) | |
| Delores Williams; Chief Williams, KPD; | ) | |
| Laverne Gamble; Freddie Davis; Ron Dozier; | ) | |
| Vincent Staggers; Ronald McClary; Sgt. Hamlett; | ) | |
| Officer Robert Lee; Officer Jackson; | ) | |
| Sheriff Michael Johnson; Cpl Steve Dukes; | ) | |
| Deputy Kennedy; Lt Scott; Laura Brown; | ) | |
| Sharon Staggers, Clifton Newman; Kimberly Barr; | ) | |
| Tyler Brown; Black River Healthcare; and | ) | |
| Pat Doe of Black River Healthcare; | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's motions to amend his complaint. (Docs. #63 and #92). Defendants filed responses in opposition to the motions.

Motions to amend a pleading are governed by Rule 15(a)(2) which provides:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

Jermaine Goode ("Plaintiff") originally filed a lengthy pleading covering numerous events which occurred over an approximate two year period, all of which appear to arise out of, or be

1

related to an initial criminal domestic violence ("CDV") incident which occurred on February 13, 2012. As a result of the CDV incident and investigation, Plaintiff was arrested and prosecuted, with the case allegedly being terminated in Plaintiff's favor by a directed verdict of not guilty on March 26, 2012. Plaintiff alleges facts about child custody and visitation problems between he and his estranged wife, Domonique Jones Goode (hereinafter "D. Goode") whom he claims conspired with a number of state actors to harass him and violate his constitutional rights. It appears that in May of 2012, D. Goode sought and obtained a restraining order against Plaintiff in magistrate's court. Plaintiff appealed the decision of the magistrate judge, and the decision was allegedly reversed by the court of common pleas on December 20, 2012. Meanwhile, in July of 2012, D. Goode's request for an order of protection was denied by the family court. On July 26, 2012, a rule to show cause hearing was noticed in connection with a post trial order of no contact stemming from the February 2012 CDV arrest. Thereafter, on July 27, 2012, Plaintiff was arrested on charges of failure to stop for a blue light and child endangerment. On July 31, 2012, Plaintiff paid a fine in magistrate's court with the receipt noting that the payment was in reference to case # 2012a4510100016-violation. In April of 2013, Plaintiff was arrested for murder/attempted murder, and it appears that this charge remains pending. In May of 2013, Plaintiff went to trial on the July 2012 charges. At the time of the filing of the initial complaint, Plaintiff was serving a sentence of 18 months on the child endangerment conviction, and three years on the failure to stop for a blue light conviction. In his complaint, Plaintiff sued his estranged wife and a number of law enforcement officials, judges and court related personnel with whom he has had contact with as a result of the arrests and prosecutions noted above. Plaintiff seeks declaratory and injunctive relief and damages.

    This court issued a Report and Recommendation for partial dismissal on July 28, 2014. The

court adopted the Report and Recommendation and dismissed the following Defendants: Williamsburg County, State of South Carolina, Clerk, Domonique Jones Goode, Mark Whitfield, Randy Foxworth, William Driggers, Ellerbe Ackerman, Delores Williams, Laverne Gamble, Vincent Staggers, Officer Robert Lee, Officer Jackson, Cpl Steve Dukes, Lt Scott, Laura Brown, Sharon Staggers, Clifton Newman, Kimberly Barr, Tyler Brown, Black River Healthcare, and Pat Doe of Black River Healthcare.

The motions to amend are denied. A district court may deny a party's motion to amend if allowing the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) ("Absent any dilatory motive, undue cause for delay, repeated failures to cure deficiencies by amendments, futility of amendment, or undue prejudice to the opposing party, leave to amend should be liberally given.") Plaintiff is attempting to assert causes of action, many of which have already been dismissed by this court. The other issues that Plaintiff attempts to amend are duplicative of the original complaint and parties have already been served on these allegations.

IT IS SO ORDERED.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

July 22, 2015  
Florence, South Carolina

3