UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jermaine Goode, # 300898, ) | C/A No. 4:13-3158-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| The Town of Kingstree; Williamsburg County; ) | |
| The State of South Carolina; Clerk; ) | |
| Domonique Jones Goode; Mark Whitfield; ) | |
| J. Jenkins; Randy Foxworth; Dep. Hayes; ) | |
| Robert Ford; William Driggers; Ellerbe Ackerman; ) | |
| Delores Williams; Chief Williams, KPD; ) | |
| Laverne Gamble; Freddie Davis; Ron Dozier; ) | |
| Vincent Staggers; Ronald McClary; Sgt. Hamlett; ) | |
| Officer Robert Lee; Officer Jackson; ) | |
| Sheriff Michael Johnson; Cpl Steve Dukes; ) | |
| Deputy Kennedy; Lt Scott; Laura Brown; ) | |
| Sharon Staggers, Clifton Newman; Kimberly Barr; ) | |
| Tyler Brown; Black River Healthcare; and ) | |
| Pat Doe of Black River Healthcare; ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's motion for partial summary judgment as to Defendants Jenkins, Hayes, Kennedy, and Johnson (hereinafter Defendants).[1] In the one page motion, Plaintiff conclusory asserts that he moves for summary judgment against Defendants Jenkins, Hayes, and Johnson for damages for malicious prosecution and as to Defendants Kennedy and Johnson for damages for "false imprisonment, illegal search and seizure, civil conspiracy, due

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

1

process violations and equal protection violations (hereinafter Defendants). (Doc. #105). However, in Plaintiff's declaration in support of his motion, Plaintiff states he is moving for summary judgment only against Hayes and Jenkins for apparently false arrest/malicious prosecution. In the declaration, he does not make any arguments for summary judgment as to Defendants Johnson and Kennedy.

In his complaint, Plaintiff alleges numerous events which occurred over an approximate two year period, all of which appear to arise out of, or be related to an initial criminal domestic violence (CDV) incident which occurred on February 13, 2012. Plaintiff alleges that his wife called 911 and made false statements. Plaintiff alleges that Defendant Jenkins "swear out a warrant without propable cause" and that his wife conspired with Officers Jenkins and Hayes to have him arrested without cause. As a result of the CDV incident and investigation, Plaintiff was arrested and prosecuted, with the case allegedly being terminated in Plaintiff's favor by a directed verdict of not guilty on March 26, 2012.[2] Plaintiff filed a motion for summary judgment based on allegations pertaining to his arrest by Officers Hayes and Jenkins on February 13, 2012. These Defendants filed a response in opposition on May 8, 2015. (Doc. #142).

---

[2] A Report and Recommendation was entered by the court and adopted by the district judge on April 15, 2015, dismissing the following Defendants: Williamsburg County, State of South Carolina, Clerk, Domonique Jones Goode, Mark Whitfield, Randy Foxworth, William Driggers, Ellerbe Ackerman, Delores Williams, Laverne Gamble, Vincent Staggers, Officer Robert Lee, Officer Jackson, Cpl Steve Dukes, Lt Scott, Laura Brown, Sharon Staggers, Clifton Newman, Kimberly Barr, Tyler Brown, Black River Healthcare, and Pat Doe of Black River Healthcare .

**STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the

non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ANALYSIS

In their response in opposition to Plaintiff's motion for partial summary judgment, Defendants argue that the arrest was made pursuant to a facially valid warrant and that they are entitled to qualified immunity.[3]

In Plaintiff's declaration in support of his motion for partial summary judgment, Plaintiff states that he filed his complaint alleging that officers Hayes and Jenkins falsely arrested him in his home on February 13, 2012. Plaintiff attached a copy of the affidavit and warrant to his motion.

---

[3] Defendants have not filed dispositive motions which are not due until September 9, 2015, pursuant to the amended scheduling order. (Doc. #152).

Plaintiff states that he was acquitted at a trial held March 26, 2012. Therefore, Plaintiff states that he is entitled to damages.[4]

In a § 1983 action based on unreasonable seizure in violation of the Fourth Amendment, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest). In this case, there is no dispute that there was an arrest warrant. As set forth in Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), Plaintiff's claim for false arrest fails because he acknowledges he was arrested pursuant to an arrest warrant executed by a state magistrate.

As stated previously, Defendants Hayes and Jenkins assert that they are entitled to qualified immunity. Defendants assert that they had arguable probable cause to arrest.

Claims of false arrest, false imprisonment and malicious prosecution "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment." Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir.2001); Lambert v. Williams, 223 F.3d 257, 261–62 & n. 2 (4th Cir.2000). An essential element of false arrest, false imprisonment, and malicious prosecution is the lack of probable cause to arrest. Jackson v. City of Abbeville, 366 S.C. 662,665, 623 S.E.2d 656, 658 (S.C.App.2005). "The Fourth Amendment is not violated by an arrest based on probable cause." Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Government officials performing discretionary functions are shielded from liability for

---

[4] In his declaration filed in support of summary judgment, Plaintiff initially indicates that there was no warrant and no exigent circumstances; however, he attaches a warrant as an exhibit to his motion for summary judgment. See Doc. No. 105-1, paragraph 1 and Doc. No. 105-2.

money damages where their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir.1992). Qualified immunity is available to an arresting officer where a reasonable officer in his or her position could have believed that arresting the plaintiff was lawful in light of clearly established law and the information the officer possessed. Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). In the motion, Plaintiff relies on his own conclusory allegations that he was arrested without cause to show that Defendants Hayes and Jenkins lacked probable cause to arrest which is insufficient to establish that he is entitled to judgment as a matter of law pursuant to Rule 56 of the Fed. R. Civ. P.

Accordingly, it is recommended that Plaintiff's motion for partial summary judgment (Doc. #105) be denied.

Respectfully submitted,

s/Thomas E. Rogers, III
July 22, 2015                                   Thomas E. Rogers, III
Florence, South Carolina                        United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**