UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jermaine Goode, | ) | C/A No. 4:13-3158-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| The Town of Kingstree; Williamsburg County; | ) | |
| The State of South Carolina; Clerk; | ) | |
| Domonique Jones Goode; Mark Whitfield; | ) | |
| J. Jenkins; Randy Foxworth; Dep. Hayes; | ) | |
| Robert Ford; William Driggers; Ellerbe Ackerman; | ) | |
| Delores Williams; Chief Williams, KPD; | ) | |
| Laverne Gamble; Freddie Davis; Ron Dozier; | ) | |
| Vincent Staggers; Ronald McClary; Sgt. Hamlett; | ) | |
| Officer Robert Lee; Officer Jackson; | ) | |
| Sheriff Michael Johnson; Cpl Steve Dukes; | ) | |
| Deputy Kennedy; Lt Scott; Laura Brown; | ) | |
| Sharon Staggers, Clifton Newman; Kimberly Barr; | ) | |
| Tyler Brown; Black River Healthcare; and | ) | |
| Pat Doe of Black River Healthcare; | ) | |
| | ) | |
| Defendants. | ) | |

## PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on November 26, 2013, alleging a violation of his constitutional rights.[2] On September 9, 2015, Defendants

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

[2] The Plaintiff's address was updated to 609 Guess Road, Greeleyville, South Carolina 29056. (Doc. #93).

1

Hayes, Jenkins, Johnson, and Kennedy filed a motion for summary judgment. (Doc. #165). As the Plaintiff is proceeding *pro se*, the court issued an order on or about September 10, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

On October 20, 2015, Defendants Davis, Dozier, Ford, Hamlett, The Town of Kingstree, McClary, and Williams filed a motion to dismiss pursuant to Rule 41(b), Fed. R. Civ. P. based on Plaintiff failing to comply with this court's order of September 14, 2015, granting Defendants' motion to compel and directing Plaintiff to respond to Defendants' discovery requests. As the Plaintiff is proceeding *pro se*, the court issued an order on or about September 20, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)    the degree of plaintiff's responsibility in failing to respond;

    (2)    the amount of prejudice to the defendant;

    (3)    the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding *pro se* so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion for summary judgment, the Defendants' motion to dismiss, or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that this action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

                  Respectfully submitted,

                  s/Thomas E. Rogers, III
                  Thomas E. Rogers, III
                  United States Magistrate Judge

November 30, 2015
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**